UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVEN J. ROBBINS, SR.,

    Plaintiff,

        v.                              CAUSE NO. 3:24-CV-473-PPS-APR

SUE JONES, et al.,

    Defendants.

OPINION AND ORDER

Steven J. Robbins, Sr., a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, I must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Robbins is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Robbins is incarcerated at Indiana State Prison. His complaint is somewhat difficult to decipher, but he appears to claim that Warden Ron Neal prevented him from developing as an artist by confiscating his art supplies in 2016 after determining they

presented a fire hazard. He further claims that he is blind, has "no source of income," and is "totally dependent on the Dept. of Corrections for help." (ECF 1 at 3.) He asks to be released from prison and "placed in a school for the blind." *Id.* He sues a "lab tech" named Sue Jones, an unidentified nurse and prison guard, and the State of Indiana, seeking $100 million in damages.[1]

His claims cannot proceed. First, events occurring in 2016 are outside the two-year statute of limitations that applies to suits filed under 42 U.S.C. § 1983. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Even if he had sued in a timely manner, the Constitution entitles him to adequate food and shelter, but not to art supplies or the ability to develop as an artist. *See Hudson v. Palmer*, 468 U.S. 517, 524 (1984); *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981). The Constitution also does not grant him the right to a prison job. *Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004); *see also Starry v. Oshkosh Corr. Inst.*, 731 F. App'x 517, 519 (7th Cir. 2018). He does not allege, nor can I plausibly infer from his allegations, that he is being denied the minimal civilized measure of life's necessities because of a lack of personal income. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Additionally, I have no authority to order his release from prison in this Section 1983 suit. *See Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973); *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005). His only available remedy in federal court to obtain release from custody is under the habeas corpus statute. *Preiser*, 411 U.S. at 488.

---

[1] He mentions a number of other prison employees in his complaint but it appears he merely intended to identify them as witnesses. (ECF 1 at 1-2.)

2

Aside from these problems, the State of Indiana is not a "person" who can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989). There is also no apparent basis for holding the "lab tech" or the nurse and guard personally liable based on what he has alleged.[2] *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Therefore, the complaint does not state a claim for relief. Although it appears unlikely he can state a federal claim based on these issues, "litigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In the interest of justice, I will give him an opportunity to file an amended complaint if, after reviewing this order, he believes he can state a plausible constitutional claim, consistent with the allegations he has already made under penalty of perjury.

For these reasons, the court:

(1) GRANTS the plaintiff until **July 29, 2024**, to file an amended complaint; and

---

[2] He references an incident occurring on January 14, 2021, without explaining what occurred on that date. (ECF 1 at 1.) I note that he previously sued over an incident occurring in January 2021 at ISP. *See Robbins v. Indiana, et al.*, No. 3:23-CV-220-JD-MGG (N.D. Ind. closed July 28, 2023.) Specifically, he claimed that a "medical technician" and other unknown persons "lured" him to the prison medical center "for a false medical procedure" and then sprayed him with a "nerve agent laced with ammonia," which caused him to go blind over the course of several years. *Id.*, ECF 13. To the extent he is attempting to rehash any of those claims, he cannot use the forma pauperis statute to file lawsuits asserting duplicative claims. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Additionally, because final judgment was entered in the earlier case, the claims would be barred by res judicata. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

(2) CAUTIONS him that if he does not file an amended complaint by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED:  June 28, 2024.

>  /s/   Philip P. Simon
> PHILIP P. SIMON, JUDGE
> UNITED STATES DISTRICT COURT